CAUSE NUMBER C-0030-23-D

| | | |
|---|---|---|
| **HECTOR VILLARREAL,** | § § § | **IN THE DISTRICT COURT** |
| v. | § § | |
| **WALMART, INC., SAM'S EAST, INC. D/B/A SAM'S CLUB, SAM'S WEST, INC. D/B/A SAM'S CLUB, SAM'S CLUB # 4850, SAM'S REAL ESTATE BUSINESS TRUST, GRACE MARTINEZ, and JOHN DOE** | § § § § § § § § | \_\_\_\_\_ **JUDICIAL DISTRICT** <br><br> **HIDALGO COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

COMES NOW, HECTOR VILLARREAL, (hereinafter referred to as "Plaintiff") and files this his Original Petition with Requests for Disclosure complaining of Defendants, WALMART, INC. and SAM'S EAST, INC. D/B/A SAM'S CLUB, SAM'S WEST, INC. D/B/A SAM'S CLUB, SAM'S CLUB # 4850, SAM'S REAL ESTATE BUSINESS TRUST, GRACE MARTINEZ, and JOHN DOE (hereinafter referred to "Defendants") and in support thereof would respectfully show the court the following:

### I.
### DISCOVERY LEVEL

1. This lawsuit shall be conducted under discovery level 3.

### II.
### PARTIES AND SERVICE

2. Plaintiff, HECTOR VILLARREAL, is an individual who resides in Texas and can be noticed by and through his attorney of record, Stephen Brice Burris, Fears ǀ Nachawati Law Firm, 5473 Blair Road, Dallas, Texas, 75231.

3. Defendant, WALMART, INC., is a for-profit corporation authorized to do and is doing business in the State of Texas. It can be served by serving its registered agent, CT

C-0030-23-D

Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiff requests service by private process server.

4. Defendant SAM'S EAST, INC. D/B/A SAM'S CLUB, is a for-profit corporation authorized to do and is doing business in the State of Texas. It can be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiff requests service by private process server.

5. Defendant, SAM'S WEST, INC. D/B/A SAM'S CLUB, is a for-profit corporation authorized to do and is doing business in the State of Texas. It can be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiff requests service by private process server.

6. Defendant, SAM'S CLUB # 4850, located at or near 7601 N. 10th Street, McAllen, TX 78504 in Hidalgo County, Texas. This Defendant is doing business in the State of Texas and is being sued under their common or assumed name as per Texas Rule of Civil Procedure, Rule 28, and may be served with process through their General Manager, Grace Martinez and/or manager on duty, Plaintiff requests service by private process server.

7. Defendant, SAM'S REAL ESTATE BUSINESS TRUST, is a for-profit corporation authorized to do and is doing business in the State of Texas. It can be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201. Plaintiff requests service by private process server.

8. Defendant, GRACE MARTINEZ, is an individual that resides in and was/is a citizen of Texas at all times relevant and may be served with process at 7601 N. 10th Street, McAllen, TX 78504 in Hidalgo County, Texas. Plaintiff requests service by private process server.

C-0030-23-D

9. Defendant, JOHN DOE, is an individual that resides in and was/is a citizen of Texas. JOHN DOE was/is an employee at Sam' Club located at or near 7601 N. 10th Street, McAllen, TX 78504 in Hidalgo County, Texas. He was an employee and within the course and scope of his employment with the Sam's Club Defendants on January 4, 2021, when this cause of action accrued. This Defendant was operating a cart when he ran the cart into Plaintiff causing injury. Plaintiff requests service by private process server.

10. In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and or such parties were "alter egos" of the parties named herein. In the event a party is misnamed Plaintiff states that Defendants are being sued under an assumed or common name pursuant to Texas Rule of Civil Procedure 28.

### III.
### JURISDICTION AND VENUE

11. This court has jurisdiction over the controversy because the damages sustained are within the court's jurisdictional limits.

12. Venue is proper in Hidalgo County, Texas because all or a substantial portion of the events, acts, or omissions giving rise to this cause of action occurred in Hidalgo County, Texas.

### IV.
### FACTUAL BACKGROUND

13. On or about January 4, 2021, Plaintiff, HECTOR VILLARREAL, went to Sam's Club located at or near 7601 N 10th Street, McAllen, TX 78504. He was going to do some shopping at Sam's Club and was an invitee at all times relevant. He was using an electronic cart to travel through the store aisles to pick up items he was going to purchase. While Plaintiff was operating the electronic cart offered by Defendants, Plaintiff was struck by a Sam's Club cart that was being operated by Sam Club employee, JOHN DOE, who is a

Case 7:23-cv-00058   Document 1-2   Filed on 02/13/23 in TXSD   Page 4 of 7

Electronically Filed
1/3/2023 3:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0030-23-D

Defendant in this case. Defendant, GRACE MARTINEZ, was the manager of this store at all times relevant. She was JOHN DOE's supervisor and was responsible at least in part for his/her training, supervision, and hiring. This includes but is not limited to his training and supervision while using a cart. Defendant, JOHN DOE, while within the course and scope of his employment with Defendants failed to use ordinary and reasonable care while operating the Sam Club cart and struck Plaintiff with the cart or the cart's rods/poles. This proximately caused Plaintiff's personal injuries and damages.

14. Based on information and belief this Wal-Mart store is known as SAM'S CLUB # 4850, which was/is owned, occupied, managed, or was otherwise controlled/operated by one or a combination of Defendants, WALMART, INC., SAM'S EAST, INC. D/B/A SAM'S CLUB, SAM'S WEST, INC. D/B/A SAM'S CLUB, SAM'S CLUB # 4850, SAM'S REAL ESTATE BUSINESS TRUST, at all times relevant.

15. In addition and in the alternative, an unreasonably dangerous condition existed on Defendants' premises which caused employee JOHN DOE to lose control of the Sam's Club cart and strike Plaintiff with the cart or its content(s). There was no warning related to this dangerous condition, of which Defendants were actually aware or should have been aware. Plaintiff was not aware of the condition. This dangerous condition proximately caused substantial injuries and damages to Plaintiff.

16. Defendants' and their employees and agents had the duty to maintain a safe environment for the invitees and manage the premises, including but not limited to maintenance of the floors. The also had a duty to use ordinary and reasonable care while conducting their activities on the premises. On the day in question, either their activities and/or a condition of the premises proximately caused Plaintiff's injuries and damages. unreasonably

Case 7:23-cv-00058   Document 1-2   Filed on 02/13/23 in TXSD   Page 5 of 7

Electronically Filed
1/3/2023 3:58 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-0030-23-D

Defendants' actions and or omissions constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries and damages.

## V.

## NEGLIGENCE

17. Defendants had a duty to use ordinary and reasonable care while conducting their activities on the premises. Defendants failed to use reasonable care when JOHN DOE ran a cart into Plaintiff proximately causing injury and damages. Defendants were negligent for their negligent activities as described in this filing.

18. Plaintiff would further show that, based on the above-described facts, Defendants were negligent under theories of premises liability. Defendants, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendants' premises.

19. At the time of the occurrence in question made the basis of this lawsuit and at all times relevant, Defendants were acting through their agents, employees and/or servants, such that, under the doctrines of respondeat superior and/or agency, Defendants are liable to Plaintiff for her injuries and resulting damages caused by the negligence of their agents, employees, or servants.

20. The occurrence made the basis of this suit as set forth herein and resulting injuries, and damages were proximately caused by the negligent and wrongful conduct of Defendants in one or more of the following respects:

   1. In failing to use ordinary care while operating the cart;
   2. In failing to use reasonable care while conducting its business activities on the premises;
   3. In failing to adequately warn Plaintiff of the dangerous condition;

4. In failing to make the safe the premises where the incident occurred;
5. In failing to properly inspect the premises;
6. In failing to use ordinary care in hiring/training/supervising their employees, agents, or servants;
7. In failing to correct the condition by taking reasonable measure to safeguard persons who entered the premises;
8. In failing to maintain the property in a reasonably safe condition; and
9. Such other acts or omissions as may be revealed in discovery.

## VI.

## DAMAGES

21. As a direct and proximate result of the negligent and or wrongful conduct of Defendants, Plaintiff suffered injuries, damages and resulting incapacities as set forth herein:

   1. Past medical expenses;
   2. Future medical expenses;
   3. Past and future lost wages;
   4. Past and future disfigurement;
   5. Pain, suffering and mental anguish in the past and future;
   6. Physical impairment in the past and in the future;
   7. Property damage and out-of pocket expenses;
   8. Prejudgment interest and post judgment interest; and
   9. Costs of suit.

22. Pursuant to TRCP 47 Plaintiff states that he is seeking monetary relief in excess of $1,000,000.

## VII.

## REQUESTS FOR DISCLOSURE & TRCP 193.7 NOTICE

23. Plaintiff requests that all Defendants disclose within 50 days of service of process the information or material described in Rule 194.2 (a-l) of the Texas Rules of Civil Procedure.

24. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Counsel for Plaintiff intends to use Defendants' discovery responses and any documents produced in discovery in the trial of this cause of action and/or any hearings before the Court.

## VIII.

C-0030-23-D

## JURY DEMAND

25. Plaintiff hereby requests a trial by jury.

## IX.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants, be cited and required to respond and appear herein and upon final hearing hereof, that Plaintiff has and recovers, all damages requested herein and for such other and further relief to which he may be justly entitled at law or in equity.

Respectfully submitted,

**FEARS | NACHAWATI LAW FIRM**
/s/ Stephen Brice Burris
Stephen Brice Burris
State Bar Number 24092200
5473 Blair Road
Dallas, Texas 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
Brice@fnlawfirm.com
Toni@fnlawfirm.com

**ATTORNEY FOR PLAINTIFF**